## THE FIFESHIRE.*

*(District Court, E. D. Louisiana. January, 1882.)*

1. ADMIRALTY PRACTICE.

   After joining issue upon a libel in admiralty *in rem*, and filing a cross-bill asking for affirmative relief against the libellants *in personam*, an exception or plea of the want of an admiralty lien comes too late.

2. ADMIRALTY JURISDICTION—CHARTER-PARTY.

   A charter-party is a maritime contract, and, as between the parties to it in a personal action, a court of admiralty has jurisdiction to determine the obligations arising therefrom, and whether they have been violated.

In Admiralty.

*H. H. Bryan*, for libellant.

*E. W. Huntington* and *Horace L. Dufour*, for defendant.

BILLINGS, D. J. The libel avers the execution of a charter-party by libellant and owners of the Fifeshire, a refusal to comply, and prays a seizure and damages. There has been a seizure, an answer, and a cross-libel, wherein the master, on behalf of the owners, prays damages for a violation of other stipulations of the charter-party. Subsequently the respondents filed the following exception: "Now into court come respondents herein, who except to the jurisdiction of this court *ratione materiæ*, and ask that the libel be dismissed, with costs." If, without any joining in this suit by the presentation of a cross-claim for affirmative relief, the respondents had presented the question as to whether this charter-party created a lien upon the vessel chartered, the matter presented would have been a proper subject to have been passed upon by an exception or a plea to the jurisdiction; for, in that case, there would have been no defendant except the *res*, and whether the court had jurisdiction would have been dependent entirely upon whether the charter-party gave rise to a lien, *i. e.*, whether a suit *in rem* could have been maintained.

But now that the owners have appeared in the cause personally, and as individuals have asked for affirmative relief, the controversy must go on to a determination. For there can be no doubt but that the charter-party is a maritime contract, and that, as between the parties to it, this court, as a court of admiralty, has jurisdiction to determine the obligations arising therefrom, whether they have been violated, as to any damages suffered by either party or both parties, and to pronounce judgment therefor. As to whether the judgment

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

when rendered will enforce or recognize any lien is a question pertaining to the form of judgment, and cannot, in this state of the cause, be dealt with.

Exception overruled.