## THE BRUCKLAY CASTLE.

### LUTTKE v. THE BRUCKLAY CASTLE.

*(District Court, S. D. California. November 5, 1888.)*

1. ADMIRALTY—OBJECTION TO JURISDICTION—WAIVER.
    On a libel for wages, after the claimant has pleaded to the merits, and testimony has been taken on the issues made by the pleadings, it is too late to object to the jurisdiction of the court, on the ground that the wages were earned by a foreign seaman on board a foreign vessel.
2. SEAMEN—THE CONTRACT—EVIDENCE.
    Where the allegations of the libel and the testimony of libelant as to the length of the voyage are contradictory, and libelant's explanations of his reasons for not leaving the vessel at the end of his alleged voyage also contradictory, the court is not justified in disregarding the written articles.

In Admiralty. Libel by August Luttke against the British bark Brucklay Castle for wages as seaman.

*W. J. Hunsaker*, for libelant.

*Anderson & Story*, for claimant.

Ross, J. The libelant, an ordinary seaman, signed articles for a voyage from "Penarth (Cardiff) to Montevideo, $\frac{\text{and}}{\text{or}}$ any ports or places within

the limits of 75 degrees north and 60 degrees south latitude, the maximum time to be three years, trading in any rotation, and to end in the United Kingdom or on the continent of Europe, between the Elbe and Brest, at master's option, calling for orders if required." On the part of the claimant it is objected that, the suit being for wages earned by a foreign seaman on board a foreign vessel, the court should decline to take jurisdiction, and remit the libelant to the tribunals of his own country. But this objection was not raised until after claimant had pleaded to the merits, and until after testimony had been taken on the issues made by the pleadings. Under such circumstances the objection will not be regarded. Apart from this objection, the only defense set up is that the libelant deserted the vessel at the port of San Diego, without cause, and in violation of the shipping articles. The case has been submitted upon these articles and the testimony of the libelant. The libel, which is sworn to by the libelant, charges that libelant shipped on or about December 21, 1887, at the port of Montevideo, South America, for a voyage to the port of New Castle, New Zealand, and thence to San Diego, in the state of California, United States of America, at the agreed wages of three pounds per month, or its equivalent in lawful money of the United States, and that for the due performance of said voyage libelant signed the articles already referred to; that the bark arrived at the port of San Diego on the 27th of July, 1888, and was there safely moored; and that, the term of libelant having expired, the master discharged him from the service of the said vessel without payment, after demand made, of the wages due him for the voyage.

In his testimony libelant states that he shipped for a voyage from Montevideo to New Castle only, and that the understanding between himself and the captain was that the voyage was to end at that port; that he signed the articles, but that they were not read or explained to him; and that the consul at Montevideo simply asked him his age, and where he was born, and told him to sign, which he did. Although the shipping articles are by no means conclusive as to the contract between the parties, it will not do to disregard them upon such testimony as that of the libelant in this case. When he verified the libel he swore that he shipped from Montevideo to New Castle, and thence to San Diego. In his testimony he swears that the contract was that the voyage should end at New Castle. In his direct examination he states that the reason he did not leave the vessel at New Castle, he was sick; and added: "The captain called me aft when we were two days out at sea, and said he made a mistake in taking me out of the harbor." On cross-examination, when asked why he did not go ashore at New Castle, he answered: "The captain would [not] discharge me. He said I signed three years' shipping articles." Such contradictory statements as these show that but little reliance can be placed upon the testimony of the libelant in his own favor. And that it was not his understanding that the voyage was to end at New Castle is very clearly shown by the fact, admitted by him, that, after reaching the port of San Diego, he sought to be discharged upon the ground that the condition of his health was such as not to permit him to

continue further on the voyage. The testimony is clearly insufficient to justify the court in disregarding the written articles. That libelant deserted the bark at San Diego without any valid excuse, and was not discharged as sworn in the libel, abundantly appears from his own testimony. There should be a decree dismissing the libel at libelant's cost; and it is so ordered.