## THE HAVANA.

LIBERTY STEAMBOAT CO. v. TURNER. SAME v. REED. SAME v. ROSSMAN. SAME v. ROBERTS et al.

(Circuit Court of Appeals, Second Circuit. October 16, 1894.)

Nos. 115–118.

MARITIME LIENS—HOME PORT—FOREIGN OWNERSHIP.

A maritime lien for necessary repairs and supplies, furnished in the port of enrollment, may be enforced against a vessel owned by a corporation created by another state.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Henry B. Turner against the steamer Havana, the Liberty Steamboat Company, claimants, for repairs and supplies, and was heard, with three other libels against the same vessel for the same purpose, respectively by Andrew Reed, Jacob Rossman, and George I. Roberts and others. Decrees were rendered for the libelants in each of the cases (54 Fed. 201), from which the claimant appeals.

Wm. S. Maddox, for appellant.
Geo. W. Murray, for Turner.
Mark Ash, for Reed and Rossman.
H. D. McBurney, for Roberts.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. These are appeals from four decrees of the district court, Southern district of New York, sustaining maritime liens for repairs and supplies furnished to the steamer Havana by the respective libelants. The claimant assigns as error that the Havana was in her home port when the repairs and supplies were furnished, and that they were furnished on the orders of the owner, and not on the credit of the vessel. It appears that the steamer was owned by the Liberty Steamboat Company, a New Jersey corporation. It is well settled, therefore, under the authorities, that when in New York, although enrolled there, she was in a foreign port, the residence of a corporation being the state which has incorporated it, although the individual stockholders may reside elsewhere. The Plymouth Rock, 13 Blatchf. 505, Fed. Cas. No. 11,237. Upon an examination of the record on appeal and the new proofs taken in this court we concur in the opinion of the district judge that the several libelants relied upon the credit of the vessel, and that Schrader, who ordered the repairs and supplies, was practically the master, exercising all the ordinary functions of that office except the actual navigation of the ship, which was in charge of Pertaen, who, although described as master, seems in fact to have been but the pilot. The repairs and supplies were necessary to the vessel, were furnished to her in a foreign port, and, in the absence of satisfactory proof of an agreement between libelants and owner that the owner should be exclusively liable for payment, they are liens on the vessel. The several decrees are affirmed, with interest and costs.