## INTERNATIONAL NAV. CO. v. LINDSTROM.

(Circuit Court of Appeals, Second Circuit. May 23, 1903.)

No. 175.

1. COURTS—JURISDICTION—ACTION UNDER LAWS OF OTHER STATES.
   When, by the statute law of a state, a right of action has become fixed, or a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court having jurisdiction over the subject-matter and the parties.

2. MARITIME TORTS—LAW GOVERNING—STATE STATUTE.
   A state statute which creates a liability or authorizes a recovery for the consequences of a tortious act operates as efficiently upon a vessel of the state when on the high seas as when physically within the state, the vessel being deemed a part of the territory of the state to which it belongs.

3. SAME—CITIZENSHIP OF OWNER.
   A steamship owned by a corporation of New Jersey is a vessel of that state, and subject to its laws, notwithstanding its registry in New York.

4. WRONGFUL DEATH—STATUTORY ACTION FOR DAMAGES—LIMITATION.
   Under the New Jersey statute giving a right of action for wrongful death, provided the action is brought within 12 months, such limitation is of the essence of the remedy, and is controlling in any court in which the action may be brought.

In Error to the Circuit Court of the United States for the Eastern District of New York.

For opinion below, see 117 Fed. 170.

Henry G. Ward, for plaintiff in error.

Franklin Pierce, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. The plaintiff's intestate took passage upon the steamship St. Paul, which left the port of New York bound for Southampton May 16, 1900, and on the 21st day of that month was washed overboard by a high sea and drowned. The St. Paul was owned by the defendant, a corporation of the state of New Jersey, but was registered at the port of New York. The administrator of the deceased brought the action upon the theory that her death was caused by the negligence of the defendant in allowing her to be on the deck of the vessel without protecting the deck with netting, or warning her of the danger. The assignments of error present the question whether the trial judge erred in not directing a verdict for the defendant on the whole case because the plaintiff was not entitled to recover.

Inasmuch as at common law the cause of action for a tortious personal injury does not survive the death of the person injured, there can be no recovery in such a case in the absence of statutory liability, and, as statutes have no extraterritorial operation, there can be no recovery unless the statutory liability arose within the territorial sovereignty of the state whose statute authorizes the recovery; but upon considerations of comity such statutes are enforced by the courts of other states, and, when by the statute law of a state a right of action has become fixed, or a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court having competent jurisdiction over the subject-matter and the parties. Upon this principle it was held in Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, that an action could be maintained in a federal court sitting in New York by the administrator of a deceased person who died in New Jersey from injuries received in that state by the negligence of the defendant, because by a statute of New Jersey a recovery was given to the administrator upon such a cause of action.

The territorial sovereignty of a state extends to a vessel of the state when it is upon the high seas, the vessel being deemed a part of the territory of the state to which it belongs; and it follows that a state statute which creates a liability or authorizes a recovery for the consequences of a tortious act operates as efficiently upon a vessel of the state when the vessel is beyond its boundaries as it does when it is physically within the state. The inquiry in the present case, therefore, is whether a recovery was authorized by the statute of the state whose territorial sovereignty embraced the steamship. The action was brought upon the theory that the steamship was a vessel of New York, and seems to have been decided at the trial upon that theory. The complaint alleged that the death of the intestate and the negligence occurred upon a vessel of that state, and that the plaintiff was entitled to recover by virtue of the statute of New York in such case made and provided. Upon the trial the plaintiff was granted leave to amend the complaint by alleging that a statute of New Jersey provides that the administrator may recover for the benefit of the next of kin "in practically the same manner as the statute of New York," but leave was not granted to amend by alleging that the steamship was a vessel of New Jersey. The complaint was not formally amended, and the trial judge treated the case as founded on the statute of New York.

It is plain that the New York statute did not reach the case, because, inasmuch as the steamship belonged to a citizen of New Jersey, it was a vessel of that state, notwithstanding its registry in New York. The Plymouth Rock, 13 Blatchf. 505, Fed. Cas. No. 11,237; The Havana, 64 Fed. 496, 12 C. C. A. 361; Scudder v. Calais Steamboat Co., 1 Cliff. 370, Fed. Cas. No. 12,565; United States v. Brune, 2 Wall. Jr. 264, Fed. Cas. No. 14,677; Sharp v. United Ins. Co., 14 Johns. 201. It follows that the ruling of the trial judge was erroneous, unless he should have taken judicial notice of the New Jersey statute, and unless under that statute the plaintiff was entitled to maintain the action. By the New Jersey statute it is essential to a recovery in such an action that the action be commenced within

12 calendar months after the death of the injured person. It is because of this provision, perhaps, that the complaint was not amended. As the court below should have taken judicial notice of this statute, it has been relied on in this court to sustain his ruling; and, of course, if the decision was right, it is not important that it was reached upon a wrong consideration. If the statute had been called to the attention of the trial judge otherwise than by the statement that it was practically the same as the New York statute, he would doubtless have noticed (what appears by the record) that the action was commenced June 26, 1901. The discussion at the bar as to whether the statute of New Jersey gives a right of action to an administrator in a case where, although the wrongful act is committed within the state, the death took place outside the state, does not require comment further than to observe that this is wholly a question of statutory construction, upon which the federal courts would follow the decisions of the highest courts of New Jersey; and it does not seem to have been considered by the New Jersey courts. As the statute creates a new liability with a right to its enforcement, provided an action is brought within 12 months, the time is made of the essence of the right, and a federal court sitting in New York must treat it as such, and not as an ordinary statute of limitations. The Harrisburg, 119 U. S. 214, 7 Sup. Ct. 140, 30 L. Ed. 358; Bank v. Francklyn, 120 U. S. 747, 756, 7 Sup. Ct. 757, 30 L. Ed. 825; Whitman v. Citizens' Bank, 110 Fed. 503, 49 C. C. A. 122. There was no evidence upon the trial tending to contradict the recital in the record showing that the action was not commenced within 12 months, and consequently the New Jersey statute affords no support for the ruling of the trial judge.

The judgment is reversed.