## SWANSON v. ATLANTIC, GULF & PACIFIC CO.

(District Court, S. D. New York. September 24, 1907.)

DEATH—STATUTORY ACTION FOR WRONGFUL DEATH—LIMITATION.

The right to recover for a wrongful death occurring in Maryland is governed by Code Pub. Gen. Laws Md. 1904, pp. 1553, 1554, art. 67, §§ 1, 2, which provides that an action thereunder must be brought within 12 months, and such an action cannot be maintained in a federal court in another state after such time, though the defendant may not have been suable in Maryland.

[Ed. Note.—What law governs actions, see note to Burrell v. Fleming, 47 C. C. A. 606.]

In Admiralty. On exceptions to libel.

Martin A. Ryan, for libellant.
James R. Soley, for respondent.

ADAMS, District Judge. This action was brought by Ole Swanson, a brother of Charles Swanson, deceased, as administrator of the goods &c. of the said Charles, against the Atlantic, Gulf & Pacific Company, to recover the damages caused by the drowning of the said Charles on the 23rd day of December, 1903. It is alleged that both were employed on a dredge, bound in a tow in charge of the tug Britannic, from New York to Washington, D. C., and while on the Potomac River, within the State of Maryland, a small boat in which the decedent, in company with two other seamen employed with him, was returning from a scow about 300 feet in the rear of the dredge to the latter, and upset in consequence of the negligence of the respondent.

The respondent excepted that the action was too late and that an administrator could not maintain the action. The answer also denied any negligence on the part of the respondent.

The first exception is as follows:

"First: The respondent excepts to the said libel and complaint, because the said cause is barred by the Statute of Limitations for the following rea-

son; because in pursuance of the statute of the State of Maryland in such case made and provided, it is required that such a cause shall be commenced within twelve calendar months after the death of the deceased person."

The libel was filed on the 13th of January, 1905, and it appears that according to the provisions of the Maryland Act, the libellant was at least a month late in bringing his action.

It is agreed that this accident is governed by the law of Maryland, in which state it occurred. The Maryland Code, Pub. Gen. Laws, provides:

Volume 2 (1904), pp. 1553–1554, art. 67:

"Section 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony."

Code Pub. Gen. Laws 1888, art. 67, § 1; Code Pub. Gen. Laws 1860, art. 65, § 1; Laws 1852, c. 299, § 1.

"Sec. 2. Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered from the defendant shall be divided amongst the above mentioned parties, in such shares as the jury by their verdict shall find and direct; provided, that not more than one action shall lie for and in respect of the same subject matter of complaint; and that every such action shall be commenced within 12 calendar months after the death of the deceased person."

Code Pub. Gen. Laws 1888, art. 67, § 2; Code Pub. Gen. Laws 1860, art. 65, § 2; Laws 1852, c. 299, § 2.

Volume 2 (1904) p. 1460:

"Sec. 5. If any person liable to any action shall be absent out of the State at the time when the cause of action may arise or accrue against him he shall have no benefit of the limitation herein contained if the person who has the cause of action shall commence the same after the presence in this state of the person liable thereto within the terms herein limited."

Code Pub. Gen. Laws 1888, art. 57, § 5; Code Pub. Gen. Laws 1860, art. 57, § 5; Laws 1765, c. 12.

The right of recovery in a case of this kind is altogether dependent upon statute (Williams v. Quebec S. S. Co. [D. C.] 126 Fed. 591), and the failure of the libellant to bring his action within the limited time operates as a complete bar, notwithstanding the respondent had no place of business in the State of Maryland. Speaking for the Circuit Court of Appeals, Judge Wallace, in an action brought upon a New Jersey statute (International Nav. Co. v. Lindstrom, 123 Fed. 475, 477, 60 C. C. A. 649, 651), said:

"As the statute creates a new liability with a right to its enforcement, provided an action is brought within 12 months, the time is made of the essence of the right, and a federal court sitting in New York must treat it as such, and not as an ordinary statute of limitations."

The fact that the respondent had no place of business in Maryland seems immaterial. It had at the time of and after the accident an of-

fice in New York, where the action could have been brought in season to have saved the right to sue.

This conclusion renders a discussion of the other points in the case unnecessary.

The libel is dismissed.