THE CHISWICK.

(Circuit Court of Appeals, Fifth Circuit. March 11, 1916. Amendmer of Decree, May 3, 1916.)

No. 2873.

ADMIRALTY  ⬥⟶21—JURISDICTION—ENFORCING STATE STATUTE—SUIT 'OR WRONGFUL DEATH—"MARITIME TORT."

The injury of a stevedore, while employed in discharging a ve sel, through a defective appliance furnished by the ship, constitutes a "n ri-time tort"; and where death resulted after his removal from the iip a remedy given by ·the state statute may be enforced and relief give in admiralty.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 218–: :0; Dec. Dig. ⬥⟶21.

For other definitions, see Words and Phrases, First Series, Marit ne Tort.]

Appeal from the District Court of the United States for the No: h⁻ ern District of Florida; William B. Sheppard, Judge.

Suit in admiralty by Mary A. Clarke against the Britain Steam⟨ ip Company, Limited, owner of the British steamship Chiswick, and ⟨ h⁻ ers. Decree for libelant, and respondents appeal. Affirmed.

Charles R. Hickox and Kirlin, Woolsey & Hickox, all of New Y rk City, and John C. Avery, of Pensacola, Fla., for appellants.

W. A. Blount, Jr., of Pensacola, Fla., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUI B, District Judge.

PER CURIAM. A majority of the judges are of opinion that he proximate cause of the injury resulting in the death of James C. Cla ːe was the defective topping lift, for which the ship was responsible, ⟨ ːd that James C. Clarke was not chargeable with contributory neglige: ːe in the matter of his injury.

All the judges agree that the cause of action arising on the stea n-ship Chiswick was a maritime tort, and as it resulted in the death ⟩f said Clarke within 20 to 30 minutes after his removal from the sɪ p, the right to recover damages for such tort given by section 3145, G ı. St. Fla. 1906, could be enforced, and relief given in admiralty.

As the lower judge rendered no written opinion, we are not inforn d as to the basis upon which he calculated and assessed the damaȷ ːs allowed in the decree rendered. We infer that he followed the r e of damages as given in article 3146, Gen. St. Fla. 1906. From c ır examination and consideration of the evidence, we are not prepared o say that the damages awarded respondent were excessive.

No one of the assignments of error being well taken, the decree ⟨ ⟩-pealed from is affirmed.

Amendment of Decree.

On further consideration of this case, the decree heretofore rendered is amended so as to provide that the costs, including costs of transcript, sɦ ll be divided equally between the appellants and appellees.