## THE BRONX.

(Circuit Court of Appeals, Second Circuit. November 13, 1917.)

No. 20.

**1. MARITIME LIENS ☞24—PRESUMPTION.**

That an officer of the owner of a vessel agreed with libelant that either he or the owner would pay for supplies furnished does not show that the libelant was not entitled to a lien, for a maritime lien is presumed, on proof of delivery of lawful supplies, until the presumption is destroyed by affirmative proof of agreement that the promising party was to be exclusively liable for payment.

**2. MARITIME LIENS ☞65—PROCEEDINGS—PRESUMPTION.**

In the absence of proof, it will be presumed that one intervening and claiming a vessel as agent for the owners was authorized to do so.

**3. ADMIRALTY ☞83—PROCEEDINGS—REFERENCE.**

While it is an ancient custom, not yet everywhere abandoned, to adduce evidence in admiralty before commissioners and examiners, and references of special questions to specially qualified persons have been recognized, nevertheless an admiralty court cannot, without consent of the parties, send the merits of the cause for trial before the commissioner or referee.

**4. ADMIRALTY ☞118—PROCEEDINGS—REFERENCE—ERROR.**

The lien asserted in the libel against a vessel having been discharged by bond or stipulation filed by claimant, libelant moved for an interlocutory decree and reference to assess damages; claimant having made default in answer. An answer having been filed before return day of the motion, the court entered an order referring the matter to a commissioner to hear and determine the issues therein. The answer tendered no issue, except as to items of recovery. *Held* that, though the order of reference was erroneous in directing the commissioner to hear and determine, the error was not jurisdictional, but was a mere irregularity; the court having jurisdiction of the parties and the res, and the commissioner having treated the reference as one to compute or assess damages.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by Burns Bros., a corporation, against the steamer Bronx, claimed by George W. Beebe. From a decree for libelant, claimant appeals. Affirmed.

The corporation of Burns Bros. filed a libel against the domestic vessel Bronx for supplies, furnished (as alleged) at the instance of master and owner. That steamer was at the time in the possession of Beebe, as charterer, who maintained a ferry. In order to prevent interference with his ferry service, Beebe filed a claim as "agent for the owners for the interest of the [alleged owners]" in the res and gave a bond or stipulation (not contained in this record), which discharged the lien asserted in the libel. It is presumed that the stipulation followed the claim, and was on behalf of owners; if it did not, it was irregular, to say the least.

Claimant then made default in answering, and libelant moved for an interlocutory decree and reference to assess damages. Before this motion came on to be heard, an answer was filed, but so far as appears without leave of court. On the return day of libelant's motion, claimant did not appear, whereupon an order was entered, reciting the filing of answer, and referring the matter to a commissioner "to hear and *determine* the issues herein."

Claimant appeared on the reference, and the commissioner took (so far as shown) all the testimony offered; claimant tendering no witness. A report

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was filed as upon a "reference to compute"—which fact we learn only from recitals, such report being omitted from the apostles. This report Chatfield, J., set aside, and sent the case back to the commissioner "for proper findings on the issues as referred, with further hearing, if necessary." Thereupon claimant introduced some testimony and the commissioner filed a second report, finding that libelant was entitled to recover as a lien under Act June 23, 1910, c. 372, 36 Stat. 604 (Comp. St. 1916, §§ 7783–7787), $750.20.

To this report no exceptions were filed, and the court, "on reading and filing" the same, entered a final decree awarding libelant what the commissioner had reported as a lien. So far as shown by the apostles, such decree was after argument, or opportunity therefor, by both parties. Beebe then took this appeal, assigning for error, in substance, one matter only, viz. that the libel had not been dismissed, because libelant furnished supplies on the personal credit of one Wolfe, and not on that of the steamer.

G. Ewald Menzel, of New York City, for appellant.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). In the one point advanced by appellant in the court below, and raised here by assignment of error, there is no legal merit.

[1] The answer asserted that Wolfe, an officer of alleged owner, agreed with libelant that either he or the owner would pay for the supplies in question. From this Beebe seems to have inferred that, if Wolfe was not as good as his word, there was no lien. Such is not the law; the lien is presumed on proof of due delivery on request of lawful supplies, until such presumption is destroyed by affirmative proof of agreement that the promising party was to be exclusively liable for payment. The Havana, 64 Fed. 496, 12 C. C. A. 361; The Yankee, 233 Fed. 919, 147 C. C. A. 593; The Oceana (C. C. A. 2d, Oct. T., 1916) 244 Fed. 80, —— C. C. A. ——. In short, the answer tendered no issue, except the amount and price of the supplies.

[2] But this answer was by Beebe as agent for owners; it necessarily followed the claim, and Beebe never appeared as charterer, nor intervened pro interesse suo. If he had no authority from the owners to claim, stipulate, and answer, his whole proceeding was a fraud. In the absence of proof, we assume authority; he therefore spoke for owners, in an answer on peremptory exception.

[3, 4] The foregoing disposes of the only matter raised by assignment; but in this court for the first time appellant asserts that the District Court was without jurisdiction to enter decree, because the trial was unlawful, in that it took place before a commissioner, and not before the court. That there was jurisdiction over the res and the parties is plain, and whether an objection to procedure can be first made in the appellate court is a point on which we express no opinion, but the practice in this case requires criticism.

It is ancient custom, not yet everywhere abandoned, to adduce evidence in admiralty before commissioners or examiners, and references of special questions to specially qualified persons have been recognized (The City of Washington, 92 U. S. at 39, 23 L. Ed. 600); but an admiralty court cannot, without consent of parties, send the merits of

a cause for trial before a commissioner, master, or referee. This has been specifically held as to equity (Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764), and we hold that the same rule applies in admiralty. Therefore the reference herein to a commissioner "to hear and determine" was wrong in phrase; but the commissioner was right in treating the matter as a direction to compute or assess damages, pursuant to a practice firmly settled since Shaw v. Collyer, 4 Blatch. 370, Fed. Cas. No. 12,718.

Since the answer tendered no issue, except as to items of recovery, there was still power to refer, when the court erroneously sent the matter back to the commissioner. Consequently the strange phrase, "to hear and determine," borrowed from state practice, and used to the confusion of court and parties, did no harm; the error was not jurisdictional, and, even if now properly raised, does not require reversal of a decree right in substance, though reached by methods not to be approved.

Decree affirmed, with costs, but without interest.