## THE SAMNANGER.

### MARSHALL v. WESTFAL, LARSEN & CO.

(District Court, S. D. Georgia. February 21, 1924.)

1. Admiralty ⚖⟶21—No right of action for death under general maritime law.

No right of action for death exists in admiralty under the general maritime law, nor under federal statute, unless as given by Act March 30, 1920, § 1 (Comp. St. Ann. Supp. 1923, § 1251¼), where death is caused by wrongful act, neglect, or default "occurring on the high seas beyond a marine league from the shore of any state."

⚖⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Admiralty ⬡21—Has jurisdiction of statutory action for death on navigable waters of state.**

Where death follows from a maritime tort committed on navigable waters within a state whose statutes give a right of action for wrongful death, a court of admiralty has jurisdiction of a suit to enforce the statutory remedy in personam, but cannot entertain a libel in rem, unless the statute expressly creates a lien.

**3. Admiralty ⬡21—Suit for death cannot be based on laws of two different jurisdictions.**

No right of action for death exists in admiralty under the general maritime law, nor under any federal statute, unless 'occurring on the high seas beyond a marine league from the shore,' as given by Act March 30, 1920, § 1 (Comp. St. Ann. Supp. 1923, § 1251½).

**4. Evidence ⬡81—No presumption that law of foreign country is same as statutory law of state.**

A court cannot presume that the law of a foreign country is the same as the statutory law of a state.

**5. Shipping ⬡73—Action for negligent injury to stevedore on ship in port of foreign nation governed by law of that nation.**

An action for negligent injury to a stevedore on a ship in a port of a foreign nation is governed by the law of that nation.

**6. Admiralty ⬡25, 28—Maritime lien essential to jurisdiction in rem.**

Existence of a maritime lien is essential to jurisdiction in rem, and the right to raise that question is not waived by a claimant by taking depositions before excepting to the libel.

**7. Admiralty ⬡21—The place of an injury resulting in death determines the jurisdiction in admiralty.**

The fact that death occurred on shore as the result of injuries caused on shipboard does not exclude admiralty jurisdiction.

**8. Admiralty ⬡29—Proceedings in rem and in personam cannot be pleaded in abatement of each other.**

Proceedings in rem and in personam do not necessarily conflict with each other until satisfaction is obtained in one, and therefore, and for the further reason that the parties are not the same, cannot be pleaded in abatement of each other.

**9. Death ⬡84—Medical and burial expenses not recoverable under Georgia statute.**

In an action for wrongful death under the Georgia statute, plaintiff is not entitled to recover for hospital, medical, or burial expenses.

In Admiralty. Suit in rem by Rosa Marshall against the steamship Samnanger. On exceptions to libel. Exceptions sustained.

Suit in personam by Rosa Marshall against Westfal, Larsen & Co. On exceptions to libel. Sustained in part.

Anderson, Cann & Cann, of Savannah, Ga., for libelant.

Lawton & Cunningham, of Savannah, Ga., for respondents.

BARRETT, District Judge. Rosa Marshall brought her libel in rem against the Norwegian steamship Samnanger, averring that on January 15, 1923, her late husband, Jerry Marshall, while working as a stevedore on such vessel while in the Savannah river, within the limits of the state of Georgia, was struck by a heavy wire screen used to cover the smokestack, which fell while being hoisted so as to cover such smokestack, causing injuries from which he died the next day (inferentially on shore); that the said death was due to the negligence and carelessness of such steamship and its master; that the appliances

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for handling the screen were defective, and the method of handling was negligent and careless. Damages against such steamship were laid at $30,000. Claim was filed for such vessel by the master for the owners, and bond given. Certain depositions were taken in behalf of such vessel prior to the filing of exceptions to the libel, and they now are on file in the office of the clerk of this court.

Claimant excepted to the libel:

"1. Because an admiralty court has no jurisdiction of a libel in rem to recover damages for a homicide upon the navigable waters, but within the limits of the state of Georgia.

"2. Because the libel does not allege any negligent act which caused the screen therein described to fall and strike libelant's husband."

Thereafter libelant amended her libel, alleging that the home port of the Samnanger was in Norway, that the Norwegian law governed, and that a libel in rem is permissible under the following law of Norway:

"Section 268, Law of July 20, 1893. A maritime lien upon the ship and the freight shall attach to the following claims:

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"(4) Claims for compensation for damage caused through the fault or negligence of any person employed on board in the service of the ship. \*  \*  \* A maritime lien upon the ship shall also include the apparel of the ship, but not provisions, fuel, coal, or other engineer's stores."

[1, 2] 1. No right of recovery for homicide exists in admiralty under the general maritime law (The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; Western Fuel Co. v. Garcia, 257 U. S. 233, 42 Sup. Ct. 89, 66 L. Ed. 210), nor under any act of Congress, unless "occurring on the high seas beyond a marine league from the shore," as provided by Act March 30, 1920, c. 111, § 1, being Comp. Stat. 1923 Supp. vol. 1, § 1251½ (the Harrisburg and Fuel Company Cases, supra). But where death follows from a maritime tort committed on navigable waters within a state whose statutes give a right of action because of wrongful death the admiralty courts will entertain a libel in personam for the damages sustained by those to whom such right is given. Western Fuel Co. v. Garcia, supra. But:

"A District Court sitting in admiralty cannot entertain a libel in rem for damages incurred by loss of life where, by the local law, a right of action survives to the administrator or relatives of the deceased, but no lien is expressly created by the act." The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727; The Aurora (D. C.) 163 Fed. 633; The Nora (D. C.) 181 Fed. 845.

It is not contended that the Georgia statute creating a right of action in the widow for the death of her husband (Park's Code of Georgia, § 4424) caused by a maritime tortious act gives a lien on the vessel. Furthermore, it has been declared in this court by Judge Speer that such statute did not create a lien. The St. Nicholas, 49 Fed. 671, 676.

[3, 4] 2. Libelant contends that, while the above Georgia statute creating the right of action in the widow does not create a lien, such lien is supplied by the foregoing statute of Norway. This drives libelant to the position that the laws of Georgia are applicable for the purpose of creating a right of action, and the laws of Norway are ap-

plicable to affix a lien to a right of action which, so far as we are advised, is not recognized by the laws of Norway. Under the general maritime law and under the common law no such right of action existed. Insurance Co. v. Brame, 95 U. S. 756, 24 L. Ed. 580; The Harrisburg and Western Fuel Cases, supra. And no information is furnished as to the existence in Norway of any statute creating such right of action. We cannot presume that a statute corresponding to the Georgia statute existed in Norway.

"Generally speaking, as between two common-law countries, the common law of one reasonably may be presumed to be what it is decided to be in the other, in a case tried in the latter state. But a statute of one would not be presumed to correspond to a statute in the other, and when we leave common-law territory for that where a different system prevails obviously the limits must be narrower still." Cuba R. R. Co. v. Crosby, 222 U. S. 479, 32 Sup. Ct. 133, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40.

Further:

"It is difficult to avoid the conclusion that, where proof could be so readily furnished as in the case of these statutes, failure to offer such proof should carry an inference strongest against the person who does not offer the proof." The Hanna Neilsen (D. C.) 267 Fed. 733.

It follows that "claims for compensation for damages" in the Norway statute do not apply to the rights under a "death statute." The Norway statute cited applies on the high seas. The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264; International Navigation Co. v. Lindstrom, 123 Fed. 475, 60 C. C. A. 649; The La Bourgogne, 139 Fed. 433, 71 C. C. A. 489; Id., 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973; The E. B. Ward, Jr. (C. C.) 17 Fed. 456.

[5] But when the personal injury occurs, especially to a stevedore, in a port of another nation, the law of that nation controls. The Cuzco (D. C.) 225 Fed. 169; The Hanna Neilsen (D. C.) 267 Fed. 729. It is interesting, though not controlling, to note that in The Cuzco, supra, Judge Neterer, at page 175, commented that the Norwegian statute here quoted "does not give a maritime lien for personal injuries suffered by a stevedore." The cases apparently holding differently as to the law of the flag are where the injured party was intimately connected with the "internal discipline or management of the ship." Wenzler v. Robin Line (D. C.) 277 Fed. 812, and cases therein cited.

[6] 3. It is urged by libelant that by reason of the claimant of the ship taking depositions prior to excepting the right to object to this proceeding in rem was waived. "A maritime lien is a matter of substantive law and not of procedure." The Cuzco (D. C.) 225 Fed. 169 (2). For the purpose of a libel in rem the existence of a lien is as essential as the right of the widow to sue. The court could and should of its own motion question its right to entertain a libel in rem, when no lien existed. See opinion in The Amsadoc in this court, and cases cited, filed September 26, 1923. Surely, then, the taking of testimony by this owner, which may never be offered, and by reason of which libelant has not acted to her harm, cannot prevent claimant from calling the court's attention to an omission in the law which is fatal to libelant's rights, whatever may be the testimony. If taken prema-

turely (as to which no opinion is expressed), the depositions might be refused admission; but preparation for their possible use cannot supply substantive law essential to jurisdiction, or prevent claimant's pointing out defects in the law. The following cases cited by libelant are all easily differentiated from the question before us, and are not convincing: The Rockett, Fed. Cas. No. 11,975; White v. The Cynthia, Fed. Cas. No. 17,546a; The Edward, Fed. Cas. No. 4,289; The Brucklay Castle (D. C.) 36 Fed. 923; Aumach v. The Queen of the South, Fed. Cas. No. 657a; The Heroe (D. C.) 21 Fed. 525; The Fifeshire (D. C.) 11 Fed. 743; The Ucayali (D. C.) 159 Fed. 800.

[7] 4. The fact that death occurred on shore as the result of injuries caused on shipboard does not prevent admiralty jurisdiction. The Chiswick, 231 Fed. 452, 145 C. C. A. 446 (5th C. C. A.), certiorari denied, 241 U. S. 673, 36 Sup. Ct. 723, 60 L. Ed. 1231; The Anglo-Patagonian, 235 Fed. 92, 148 C. C. A. 586 (4th C. C. A.), certiorari denied 242 U. S. 636, 37 Sup. Ct. 19, 61 L. Ed. 539; Hamburg-Amerikanische Packetfahrt Aktien Gesellschaft v. Gye, 207 Fed. 248, 124 C. C. A. 517 (5th C. C. A.), certiorari denied 231 U. S. 755, 34 Sup. Ct. 323, 58 L. Ed. 468; Liverani v. Clark & Son (Sup.) 176 N. Y. Supp. 725; Id., 191 App. Div. 337, 181 N. Y. Supp. 696.

"In a number of cases the question has arisen as to whether the tort should be regarded as having happened on the vessel or on land, where the tort was caused by an act which was started on the vessel or on the dock, as the case may be, and ended with the death or injury on the land or the vessel, as the case may be. In these cases it has been uniformly held that the locus of the tort is the place where the injury was actually inflicted." Keator v. Rock Plaster Mfg. Co. (D. C.) 256 Fed. 574.

5. Paragraph 2 of the exceptions is overruled. The libel in rem against the Samnanger is dismissed, at the cost of libelant.

6. Subsequently Rosa Marshall brought her libel in personam against Westfal, Larsen & Co., as owners of the Samnanger, alleging substantially the same facts as in the libel in rem, though varying somewhat as to the details set forth as to the cause of the injury.

Exceptions to this libel were filed (1) because the libel in rem is pending for the same cause of action; (2) because no cause of action within the admiralty and maritime jurisdiction is set out; (3) because it was not alleged that the Samnanger was unseaworthy; (4) because it is not alleged by whom Jerry Marshall was employed at the time of his injury; (5) because it is not clear whether it is alleged that the screen tore in two or more pieces, or parted from the plank to which it was attached; (6) because it is not alleged in what particular the ropes were defective; and (7) because libelant is not entitled to recover for hospital, medical or burial expenses.

[8] Upon the hearing of the exceptions the two libels were by order consolidated, it appearing that a bond had been given in each libel. By reason of such consolidation it is unnecessary to consider the first exception. Independent of such consolidation such exception is not meritorious.

"Proceedings in rem and in personam do not necessarily conflict with each other until satisfaction is obtained in one, and therefore cannot be pleaded in abatement of each other." 1 R. C. L. p. 14, § 5.

The parties are not the same, for in one there is no person defendant, the proceeding being against the ship, and in the other Westfal, Larsen & Co. is defendant, and the ship is attached merely to insure realization upon any judgment that may be obtained. It is analogous to foreclosing a mortgage and suing in personam, both of which could at common law proceed at the same time. Heath v. Bates, 70 Ga. 633. The libel in personam is maintainable. Western Fuel Co. v. Garcia, 257 U. S. 233, 42 Sup. Ct. 89, 66 L. Ed. 210.

[9] The seventh exception is sustained, with the result that paragraph 17 of the libel against Westfal, Larsen & Co. is stricken, except the allegation of general damage contained in said paragraph. All other exceptions are overruled.