### THE VINCENZO FLORIO.

(District Court, E. D. New York. October 31, 1923.)

1. **Admiralty ⊚⇒65—Petition must be taken as true on exception.**
   On exception, a petition must be taken as true.

2. **Collision ⊚⇒117—Petition of claimants against charterers held to state cause of action.**
   In a proceeding against a steamer for collision, petition of claimants of libeled vessel against charterers and agent of charterers *held* to state cause of action.

3. **Admiralty ⊚⇒65—Exception to petition must state particular manner relied on.**
   An exception to a petition must state with reasonable certainty the particular fact, matter, thing, or omission relied on.

In Admiralty. Libel by O'Brien Bros., Inc., owner of the boat Surprise, against the steamer Vincenzo Florio. On exceptions to petition by claimants, impleading the International Chartering Company, Inc., and others. Exceptions overruled.

Foley & Martin, of New York City, for libelant.

Arthur Mayer, of New York City, for International Chartering Co., Inc.

Loomis & Ruebush, of New York City, for claimants.

GARVIN, District Judge. A libel was filed by O'Brien Bros., Inc., owner of the boat Surprise, against the steamer Vincenzo Florio, claim-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing damages sustained by that boat as the result of a collision with the Florio, which broke loose from the pier at Huron street, Brooklyn, where she was lying, during the night of April 26 or early morning of April 27, 1923, and again during the afternoon of April 27th. The owners and claimants of the Vincenzo Florio have made answer, setting forth that on or about April 5, 1923, a charter party was entered into between them and Norris Grain Company of New York, Inc.; Melady Grain Company (which is a copartnership composed of John Melady and W. F. Rosa), and E. A. Strauss & Co., Inc., which charter party contained among its provisions the following:

"That the said steamer * * * shall with all convenient speed proceed to New York, N. Y., and there load, always afloat, from said charterers or their agents a full and complete cargo subject to limits above guaranteed and/or all wheat and/or Indian corn and/or rye."

Other allegations follow, most of which appear in a petition filed at the same time by the claimants by which they seek to bring in under the fifty-sixth admiralty rule the Norris Grain Company of New York, Inc., Melady Grain Company, E. A. Strauss & Co., Inc., International Chartering Company, Inc., and Waterways Transportation & Contracting Company, Inc., claiming that all these are responsible for the collision.

This petition further sets forth that, pursuant to the above-mentioned provision in the charter party, the charterer's agent, the International Chartering Company, Inc., undertaking on its own behalf, as well as on behalf of the charterers, to procure for and furnish to the said steamer a safe and proper pier where she might always with safety lie afloat, directed the steamer to proceed to the north side of the Huron street pier, there to receive a cargo in accordance with the provisions of the charter party; that pursuant to this direction the master of the vessel brought her to the pier on the morning of April 23, 1923; that after her arrival, and after the master had loaded some thousands of tons of cargo, he ascertained on April 25th that there was not sufficient water to permit the vessel to remain afloat; that thereupon the master made oral and written protest to the charterer's agent, stating that he could not lie afloat at the pier where he had been ordered to load, and could no longer safely remain there to take on further cargo; that the charterers and/or their agents failed and refused to procure another pier for the vessel; that because of the insufficient depth of water the master was obliged to moor the vessel to the pier in such a manner that part of her stern projected out into the channel beyond the end of the pier for a distance of about 50 feet; that as a result, there being a strong tide and heavy wind, she broke loose from her moorings, moved across the slip, and struck other boats, including the Surprise; that, if the latter sustained any damage, it was not due to any cause for which the vessel, her master, owners, agents, or representatives, were responsible; that the Huron street pier was in the possession, control, and operation of the Waterways Transportation & Contracting Company, Inc., as lessee, which, in allowing the steamer to berth there for hire, undertook to provide a safe place where she could always lie afloat; that said lessee failed to provide a safe place

for the vessel to lie afloat, as a result of which she broke loose and caused the injury; that the damages occasioned to the Surprise, if any, were not caused by the petitioners, but due only to the negligence of the Norris Grain Company, Inc., the Melady Grain Company, E. A. Strauss Company, Inc., International Chartering Company, Inc., and Waterways Transportation & Contracting Company, Inc.

· The petitioners therefore seek to bring into the action the Norris Grain Company of New York, Inc., the Melady Grain Company, E. A. Strauss Company, Inc., International Chartering Company, Inc., and Waterways Transportation & Contracting Company, Inc., and have their respective liabilities determined.

The International Chartering Company, Inc., has filed exceptions to the petition, impleading it in the action, which exceptions are now before the court. They read as follows:

(1) The petition does not state facts sufficient to constitute a cause of action.

(2) The allegations, if any, charging fault against it, are not sufficiently full and distinct.

(3) Allegations referring to it are wholly irrelevant.

[1, 2] It appears to the court that the petition states a cause of action which alleges that the International Chartering Company, Inc., the agent of the charterers of the steamer, "undertaking on behalf of the said charterers, as well as on their own behalf, to procure for and furnish to the said steamer a sufficient and proper pier where she might always safely lie afloat, ordered the steamer Vincenzo Florio to proceed to the north side of the said Huron street pier to receive a cargo as provided for in the said charter party." Appropriate allegations of the unsafe condition of the pier and of the demand made upon the International Chartering Company, Inc., to furnish another pier, its refusal, and the breaking loose of the vessel, and its thereby causing a damage for which she has been libeled follow. Thus a cause of action is pleaded, and, on exceptions, the petition must be taken as stating the truth.

[3] The exceptions do not state in what respect the allegations of the petition are not sufficiently full and distinct. As remarked in the case of The Active, 1 Fed. Cas. 65:

"An exception must state with reasonable certainty the particular fact, mattter, thing, or omission relied on, as the case may be."

The final exception is that the allegations referring to the International Chartering Company, Inc., are wholly irrelevant. This exception is not well taken, if a cause of action has in fact been pleaded against the International Chartering Company, Inc., as has been heretofore indicated. The exceptions therefore must be overruled, and the respondent impleaded must answer the petition and libel, or suffer a default.

The contention that the chartering party shows that the International Chartering Company, Inc., was the agent of the steamer owner, and not agent of the charterer, has not been overlooked. We have, however, a positive allegation in the petition that the chartering company under-

took to procure a safe and proper pier where the steamer Vincenzo Florio might lie afloat in safety. These allegations must be taken as true, and the facts passed upon at the trial.