## THE TOMMY.

### LEE & SIMMONS, Inc., v. CUMMINGS LIGHTERAGE & TRANSP. CO. et al.

#### No. 203.

Circuit Court of Appeals, Second Circuit.

Feb. 17, 1930.

Rehearing Denied March 6, 1930.

William F. Purdy and Frank C. Mason, both of New York City, for appellant.

Frederick W. Park, of New York City, for appellee Lee & Simmons, Inc.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The lighter Tommy was under charter to the Cummings Lighterage & Transportation Company, and was at Pier 2, Erie Basin, for the purpose of taking on a cargo of iron and steel. On the morning of September 15, 1926, the lighter was lying alongside the steamship Souvier. This steamer was lying bow out of the slip with her starboard side to Pier 2, and the Tommy was lying starboard side to the steamer with her bow also pointing out of the slip. She was loaded with iron rails from hatch No. 4, and about noon she was dropped back by the stevedores and her captain, to permit another lighter to load from hatch No. 4. Lines were run from the bow of the Tommy to the steamer and from her stern to a lighter lying astern of the steamer. There was

no other place in the slip to which she could have been shifted. This was a safe berth. When moved back to overlap the ship's stern, she was clear of the ship's propeller. The bow was against the ship's port side and was either overlapped or flush with the barge lying against the pier. The other lighter was fifty or sixty feet astern of the steamer.

In some way, unexplained in this record, the Tommy got diagonally behind the steamer and is claimed to have struck the propeller. Liability was imposed below upon the Chiarello Stevedoring Company, Inc., for moving her into a place which brought her in contact with the propeller. But there is no evidence to support this charge. How she came to move out does not appear, and her stern could not have gotten to the pier unless a line running to the lighter was slackened or parted. Merely moving her back from No. 4 hatch, unless she was put in a position of danger, would not render the Chiarello Stevedoring Company, Inc., liable for that which happened thereafter, and the decree as to the Chiarello Stevedoring Company, Inc., must be reversed.

The contract of hire imposed liability on the Cummings Lighterage & Transportation Company for failure to return the barge in as good condition as received, ordinary wear and tear excepted, and it was held for breach thereof below. It has not appealed. Reversing the decree against the Chiarello Stevedoring Company, Inc., imposes primary liability upon it.

The decree will be reversed as to the defendant the Chiarello Stevedoring Company, Inc., and the Cummings Lighterage & Transportation Company now becomes primarily liable for the damages.

Decree modified.

### On Motion for Rehearing.

PER CURIAM.

Edward E. Cummings has moved for a rehearing on the ground that the record cannot sustain the decree against him and that he has had no day in court upon the issue decided.

The decree appealed from adjudged that the libelant recover its damages primarily of Chiarello Stevedoring Company and secondarily of Cummings. The opinion of the District Court found, in accordance with the allegation of the libel, that by the terms of the charter Cummings agreed to return the barge at the termination of the charter agreement in the same order and condition as received,

ordinary wear and tear excepted. This finding was doubtless based upon a stipulation, as no evidence was introduced as to the terms of the charter. The stipulation reads: "Incorporation and ownership and the charter in good condition and return in damaged condition is admitted by all parties on the record."

Cummings now says that the allegation of the libel as to the contract of hire was neither litigated nor proved. But he made no motion in the court below to be relieved of his stipulation, and, although a decree had gone against him, he took no appeal, assigned no errors in this court, and filed no brief. He was apparently willing to allow the decree against him to stand, however erroneous, in the expectation that the stevedoring company would have to pay it. Being disappointed in that expectation he asks, after it has been affirmed, for a retrial. We think the request comes too late. Rule 37 requires an appellee who desires other relief than that granted by the decree to file an assignment of errors. No adequate reason is advanced for not enforcing the rule in the present case.

The motion is denied.