## VANCOUVER STEAMSHIP CO., LTD., v. RICE, ADMINISTRATRIX.

No. 469.    Argued February 9, 1933.—Decided March 13, 1933.

*Mr. Erskine Wood* for petitioner.

*Mr. Arthur I. Moulton* submitted for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner is the owner of the steamship City of Vancouver. December 1, 1929, she was at Westport, Oregon, in navigable waters of the Columbia taking on a cargo of lumber. Respondent's intestate was employed by contracting stevedores who were loading her. While upon the deck of the ship helping in that work he was struck by a falling sling-load of lumber and mortally injured. He was taken ashore where he died an hour later. Respondent was appointed his administratrix and, electing under the Longshoremen's and Harbor Workers' Compensation Act (33 U. S. C., § 933) to assert her claim against a third party, filed a libel in admiralty in the district court of Oregon against the ship, claiming on behalf of his estate damages in the sum of $10,000. The libel alleged in substance that intestate's death was caused by reason of petitioner's negligence in respect of the ship's winch which was being used to hoist the lumber.

Petitioner excepted to the libel, asserting that the cause of action arose on land and not upon the water and that therefore the case is not within the admiralty jurisdiction. The district court so held and dismissed the libel. The Circuit Court of Appeals reversed. 60 F. (2d) 793.

The Oregon statute creating a cause of action for death by wrongful act provides: " When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission." Oregon Code (1930), § 5–703. And the Oregon Boat Lien Law declares that every boat or vessel shall be subject to a lien " for damages or injuries [done] by such boat or vessel resulting in the death of any person." § 51–601. Admiralty courts have jurisdiction to enforce such liens. *The Corsair*, 145 U. S. 335, 347. *The Anglo-Patagonian*, 235 Fed. 92, 94.

The libel alleges no cause of action that accrued to the deceased. The only cause of action here involved is that created by the Oregon statute and it did not arise until the intestate died. The sole question is whether the happening of the fatal event upon navigable waters gave the admiralty court jurisdiction notwithstanding death occurred on land. The right to recover for death depends upon the law of the place of the act or omission that caused it and not upon that of the place where death occurred. *Van Doren* v. *Pennsylvania R. Co.*, 93 Fed. 260, 264. *De Harn* v. *Mexican National Ry. Co.*, 86 Tex. 68; 23 S. W. 381. *Rudiger* v. *Chicago, St. P., M. & O. Ry. Co.*, 94 Wis. 191, 194; 68 N. W. 661. *Needham* v. *Grand Trunk Ry. Co.*, 38 Vt. 294, 311. *Louisville & Nashville R. Co.* v. *Williams*, 113 Ala. 402, 405; 21 So. 938. Where a longshoreman working upon the land assisting in the unloading of a ship was struck by a sling

of cargo and knocked into the water where he died, this court held that the state compensation act and not the maritime law governed. *Smith & Son* v. *Taylor,* 276 U. S. 179. Defendant conceded that the state law would apply if the deceased had been killed on the land. But it argued that as no claim was made for injuries there sustained and as the suit was solely for death, the case was exclusively within the admiralty jurisdiction. We said (p. 182): "But this is a partial view that cannot be sustained. The blow by the sling was what gave rise to the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death." *Mutatis mutandis,* what was there said is applicable here.

The substance and consummation of the occurrence which resulted in intestate's death and so gave rise to respondent's cause of action took place on the deck of the ship lying in navigable waters. The damages allowed by the Oregon statute are those resulting solely from the death. The foundation of the right to recover is a wrongful act or omission taking effect aboard the ship and resulting in death upon the land. This is a maritime tort, and upon it the respondent's claim rests. The admiralty court has jurisdiction. *The Chiswick,* 231 Fed. 452. *The Anglo-Patagonian, supra,* 94. *The Samnanger,* 298 Fed. 620, 624. *Shipping Board* v. *Greenwald,* 16 F. (2d) 948, 951. *Decree affirmed.*