## THE BLUE MOUNTAIN.

### JAMES McWILLIAMS BLUE LINE, Inc., v. YOUGHIOGHENY & OHIO COAL CO. et al.
### No. 3784.

District Court, D. Connecticut.

July 30, 1937.

Macklin, Brown, Lenahan & Speer, of New York City, and Parmelee & Thompson, of New Haven, Conn., for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Norman M. Barron and Edward L. Smith, both of New York City, of counsel), for respondent Youghiogheny & Ohio Coal Co.

Pullman & Comley, of Bridgeport, Conn. (Arthur M. Comley, of Bridgeport, Conn., of counsel), for respondent City Ice & Coal Co.

THOMAS, District Judge.

A libel was filed in this cause of action against the respondent, Youghiogheny & Ohio Coal Company (hereinafter called the Y & O Company), as charterer of the barge Blue Mountain by its owner, the libelant herein, for failure to redeliver her in good order; it being claimed that after said scow had remained in the custody and control of the respondent from May 17, 1936, until on or about May 24, 1936, it was returned

to the libelant "in a damaged condition due to the negligence of the respondent. Said damage was not the result of ordinary wear and tear."

The respondent, Y & O Company, filed its answer to the libel and also filed at the same time its petition under Admiralty Rule 56, 28 U.S.C.A. following section 723, impleading the City Ice & Coal Company. In this petition the Y & O Company alleges that the City Ice & Coal Company was under contract with it, whereby the City Ice & Coal Company agreed to berth and unload, at a fixed rate per ton, barges sent to the City Ice & Coal Company dock. It further alleges that pursuant thereto, employees of the City Ice & Coal Company moored the Blue Mountain at her arrival at said dock and unloaded part of her cargo and subsequently moored her at another berth where she grounded and sank. Said barge was subsequently raised and taken away by the libelant. The petition further states:

"Fifth: Upon information and belief, if respondent should be liable to the libellant, which respondent has denied in its answer, such liability was caused solely by the fault and negligence of the City Ice & Coal Company, its servants, agents and employees, in the following respects among others:

"1. It failed to provide a safe berth for barge Blue Mountain.

"2. Its servants, agents and employees moored barge Blue Mountain in an unsafe berth.

"3. It failed to give warning of the depth of the water, or character of the bottom at the point where it moored the barge Blue Mountain.

"Sixth: If this respondent should be held liable to libellant, The City Ice & Coal Company, Inc., is liable for whatever amounts may be decreed to libellant and is therefore a necessary and proper party to the complete and just determination of the issues presented in the above entitled cause and should be made a party to this suit under the 56th Rule in Admiralty and in order to avoid circuity of action."

The petition contains the prayer: "That the City Ice & Coal Company may be proceeded against in this suit in the same manner as if originally proceeded against herein and held liable for any damages found to have been sustained by the libellant and that a suit be entered against the City Ice & Coal Company for the amount of said damages."

The City Ice & Coal Company thereupon filed three exceptions to said petition to implead it under Admiralty Rule 56. The only ground now relied upon is: "That the Petition of the Y & O Company does not state a proper cause for impleading."

Admiralty Rule 56 provides in part as follows: "In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable *either to the libellant or to such claimant or respondent by way of remedy over,* contribution or otherwise, growing out of the same matter. This shall be done by petition, on oath, presented before or at the time of answering the libel."

The respondent, Y & O Company, claims that its petition for impleading should be granted because it is entitled to implead the City Ice & Coal Company either on the ground of: First, primary tort liability for negligent mooring of the barge and an improper berth and for failure to warn the bargee of the depth of the water or the character of the bottom where the barge was moored; and, second, on the ground of contractual liability of the City Ice & Coal Company to the respondent "by way of remedy over" growing out of its breach of contract to berth and unload barges sent to its dock by the respondent.

■ The City Ice & Coal Company, on the other hand, claims that the petition should be dismissed, because: (1) The respondent's bill of impleader does not contain any allegation accounting for the sinking of the barge; or (2) that there was any connection between the sinking of the barge and the character of the bottom of the water or the depth of the same, or the failure of the City Ice & Coal Company to give notice or warning to the Y & O Company. In other words, the City Ice & Coal Company claims that although the Y & O Company alleges negligence and although it alleges negligent acts, it does not connect the alleged negligence with the sinking of the barge. I am unable to take this view of the effectiveness of the petition. Pleadings in admiralty are not construed strictissimi juris.

■ When exceptions are filed to a petition to implead, all the facts appearing in said petition must, for the moment, be assumed to be true as in the case of a demurrer in a case at law. The Vincenzo Florio (D.C.) 295 F. 758. Under the circumstances, we

must assume as true, first, that the contract referred to above existed between the City Ice & Coal Company and the Y & O Company; and, second, that the employees of the City Ice & Coal Company moored the barge on her arrival at the aforementioned dock, unloaded part of her cargo, subsequently moored her at another berth where she grounded and sank, and that the City Ice & Coal Company failed to provide safe berth for the barge, that her servants, agents, and employees moored her in an unsafe berth, and that the City Ice & Coal Company failed to give warning of the depth of the water or character of the bottom at the point where the Blue Mountain was moored.

The only questions left, therefore, are:

1. Assuming these facts to be true, does the petition set out sufficient facts showing liability of the City Ice & Coal Company wholly or in part either to the libelant or the respondent by way of remedy over, contribution, or otherwise?

2. Does the petition sufficiently allege negligence on the part of the City Ice & Coal Company?

■ It is clear from the assumed facts that if the petition to implead is otherwise sufficient, the Y & O Company is entitled to implead the City Ice & Coal Company on its primary tort liability. C. Harms Company v. Upper Hudson Stone Co., 234 F. 859 (C.C.A.2); Transmarine Corporation v. Fore River Coal Co. (D.C.) 28 F.(2d) 624; Smith v. Burnett, 173 U.S. 430, 19 S. Ct. 442, 43 L.Ed. 756; Kenny v. Balbach Smelting & Refining Co. (D.C.) 6 F.(2d) 671. There are numerous other cases to the same effect.

■ The respondent is likewise entitled to implead the City Ice & Coal Company on the contract theory, Eastern Massachusetts Street Ry. Co. v. Transmarine Corporation, 42 F.(2d) 58 (C.C.A.1), because the contract is clearly one that can be enforced in admiralty. So also in Compagnie Francaise de Navigation a Vapeur v. Bonnasse, 19 F.(2d) 777 (C.C.A.2), certiorari denied, American Exchange Trust Co. v. Bonnasse, 275 U.S. 551, 48 S.Ct. 114, 72 L.Ed. 421; Soderberg v. Atlantic Lighterage Corporation (D.C.) 15 F.(2d) 209, affirmed 19 F.(2d) 286 (C.C.A.2). A few cases in which wharfingers have been impleaded by charterers in suits by vessel owners for returning the vessels under charter in damaged condition are: Schoonmaker-Conners Co., Inc., v. Rosoff Engineering Co. (C.C.A.) 10 F.(2d) 64; The John Carroll (C.C.A.) 275 F. 302; Tomkins Cove Stone Co. v. Bleakley Transp. Co. (C.C.A.) 40 F.(2d) 249; The Tommy (C.C.A.) 39 F.(2d) 577; Soderberg v. Atlantic Lighterage Co. et al. (D.C.) 17 F.(2d) 180; P. Sanford Ross, Inc., v. Moran Towing & Transportation Co., Inc. (C.C.A.) 55 F.(2d) 1052.

The libel filed in this case sets out as its cause of action negligence of the respondent in returning the scow in a damaged condition, said damage not being the result of ordinary wear and tear. This is the basis for the entire action. The respondent Y & O Company, against whom the aforesaid allegations have been made, claims that upon taking said scow it turned the same over to the City Ice & Coal Company pursuant to its contract with the latter. It sets out further that it, the Y & O Company, has denied in its answer any liability to the libelant, but states that if there is any liability as claimed by the libelant in the libel, it "was caused solely by the fault and negligence of the City Ice & Coal Company, its servants, agents and employees in the following respects, among others: * * *." It then proceeds to mention the failure to provide a safe berth, the action of the servants, agents, and employees of the City Ice & Coal Company in mooring the barge in an unsafe berth, and the failure of the City Ice & Coal Company to give warning to the bargee of the depth of the water or the character of the bottom at the point where it moored the Blue Mountain.

We have here, therefore, a libel setting out a cause of action based on negligence, and a petition of the respondent, Y & O Company, denying liability to the libelant for such negligence as was claimed and stating that if there was such negligence it was the negligence of the City Ice & Coal Company and that this negligence consisted of, among others, the three commissions or omissions mentioned above. The claim is made that the boat was damaged.

The conclusion seems compelling that the allegations of negligence and the interest of the City Ice & Coal Company as set out in the petition are sufficient to entitle the Y & O Company to have its petition granted. It alleges that the vessel was damaged, that the damage was due to the negligence of the City Ice & Coal Company, and the acts of negligence are set

forth. The exact manner in which the alleged acts of negligence brought about the damage is a matter for proof at the trial.

The petition for impleading the City Ice & Coal Company is granted and the exceptions of the City Ice & Coal Company are overruled. Submit order accordingly properly consented to as to form.