**THOMSON v. BASSETT, Deputy Com'r of United States Employees' Compensation Commission (COURTEAU et al., Interveners).**

**Civ. A. No. 24.**

District Court, W. D. Michigan, N. D.

Oct. 24, 1940.

Frost & Deo, of Escanaba, Mich., for plaintiff.

Joseph F. Deeb, U. S. Atty., of Grand Rapids, Mich., for defendant.

Yelland & Yelland, of Escanaba, Mich., and S. Eldridge Sampliner, of Cleveland, Ohio, for intervening defendants.

RAYMOND, District Judge.

The substantial issue presented arises out of plaintiff's claim that, for the reason that there was no competent evidence to support the award, the Deputy Commissioner was without jurisdiction. Plaintiff asserts that under the Longshoremen's and Harbor Workers' Compensation Act, compensation is payable for death of an employee only if death results from an injury occurring upon the navigable waters of the United States, see Title 33, U.S.C.A. § 903, and that the Deputy Commissioner had no jurisdiction because the proximate cause of death in the instant case took effect while deceased was on the fender of the dock, and therefore on land. The cases principally relied upon are: Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; Vancouver S. S. Co. v. Rice, 288 U.S. 445, 53 S.Ct. 420, 77 L.Ed. 885; and Minnie v. Port Huron Co., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631.

Review of the testimony is convincing that there is substantial evidence to support the finding of the Commissioner to the effect that the deceased employee caught one of the cables from the boat and started to walk with it along the fender (which was about 12 feet above the water) while the boat moved slowly into the dock; that while he was doing so, the cable became tight, causing him to be pulled from the fender; that he struck against the side of the boat and sank immediately; and that he was found dead a short time later, having sustained a fracture about the sixth cervical vertebra. The sole eyewitness of the accident who testified stated that deceased was pulled off the fender by the cable which was heavy and had "none too much slack". It is a fair inference therefrom that the accident and subsequent death resulted from the efforts of deceased to continue his hold upon the cable which was too heavy for him and was without sufficient slack.

The following excerpts from 1 Am.Jur., Admiralty, sections 43 and 46, concisely and correctly state the applicable rules of law:

"It is essential to the jurisdiction of admiralty over a cause involving a maritime tort that the wrong shall have been committed upon navigable waters within the jurisdiction of the Federal courts. In fact, it has frequently been said that the question of locality is the sole test of admiralty jurisdiction in tort cases.

"In determining whether a tort was committed on land or on water, consideration must be given to the place where the injury and damage arose, rather than to the place where the negligent act was committed or had its inception. It is the locality of the person or thing injured, not that of the offending agent, that determines the question. The substance and consummation of the wrong must have taken place, and the cause of action have been complete, upon navigable waters.

\* \* \* \* \*

"Injuries occurring on the water are subjects of admiralty jurisdiction although the tort originated on land."

 Substantially the same principles are set forth in 2 C.J.S., Admiralty, §§ 59, 65, pages 114, 143, where it is said:

"\* \* \* The general rule is that the place of injury, namely, whether or not on the high seas or other navigable waters, determines whether or not the injury is maritime; and it has been frequently stated that it solely determines the question. The general rule that the place of injury determines its character applies irrespective of the nature and origin of the wrong or injury, of its commission on a vessel, of the place of the act causing the injury, of the maritime character of the instrument of injury or of the object injured, of the relation borne by the wrongdoer to a vessel, or of the fact that the commerce in question was wholly intrastate. A court of admiralty is without jurisdiction where the place of injury was on land, for example, on a wharf or dock, or in a tunnel under the water; but a movable ladder, resting against a vessel and a wharf, is not necessarily an extension of the land.

\* \* \* \* \*

"In accordance with the general rule, which has been stated in § 59, that the place of injury determines jurisdiction, where the cause of action, originating upon land, is completed on navigable water, it is within the jurisdiction of admiralty."

Nothing is found in the cases relied upon by plaintiff which conflicts with these rules.

 Application of these principles to the facts of the instant case is conclusive that here the cause of action and the injury were not completed upon the land, but upon navigable water, and this, for the reason that after deceased fell from the fender he was supported by a cable which was an integral part of the vessel and he continued

to be so supported until consummation of the injury by the contact of his body with the side of the vessel, resulting in the fractured vertebra and ultimately in death. It is doubtful that force of gravity alone would have had serious consequences. Only when the pendulum-like suspension of the body of deceased functioned to bring him into forcible contact with the side of the vessel was the injury serious. The substance of the cause of action was therefore completed upon navigable water. But even if the rule advanced by plaintiff were to be applied, viz., that the place of the inception of the cause of the injuries controls jurisdiction, the result would not be different, for upon the record the weight or tightening of the cable, an integral part of the vessel, must be considered as the "inception of the cause". Plaintiff's petition will therefore be dismissed.