## LACEY v. L. W. WIGGINS AIRWAYS, Inc.

### No. 50–44.

United States District Court
D. Massachusetts.

Jan. 5, 1951.

Joseph P. Rooney and Paul V. Power, Boston, Mass., for libellant.

Kneeland & Splane, Boston, Mass., for respondent.

McCARTHY, District Judge.

This libel, brought pursuant to the Death on the High Seas Act, 46 U.S.C.A. § 761ff, alleges that the respondent corporation was engaged by one Van Arsdale, doing business as Cape Cod Flying Service, to make a one hundred hour inspection and engine check on a Piper Clipper airplane. The respondent's work, in the course of which various engine parts were installed, was done at the Logan International Airport in Boston, and on its conclusion, Van Arsdale was assured that the aircraft was in good repair. The libellant's intestate, Daniel W. Lacey, a pilot-employee of the Flying Service, took off in the plane from Boston, his destination being Provincetown across Massachusetts Bay.

At a point on the high seas beyond a marine league from shore, the engine failed and the craft went down. Lacey's body was recovered from the water by the Coast Guard. The airplane was recovered also.

The libel alleges in Paragraph First that the craft was forced into the water "as a result of the wrongful act, neglect and default of the respondent, as hereinafter described * * *", and in Paragraph Fourth that the "engine breakdown had caused the engine failure resulting in the death of the libellant's intestate. It was the result of the respondent's wrongful act, neglect and default in failing to discover this defect in the aircraft engine or to repair or to notify the owner of said aircraft of this defect that the said Daniel W. Lacey met his death by exposure * * *."

It is contended, therefore, that failure to inspect the plane, or negligent inspection of the plane, or failure to inform the owner of a defect discovered, *while the craft was on land,* resulted in an accident on the high seas which caused the death of the libellant's intestate.

■ Exception to the libel is taken under Admiralty Rule 27, 28 U.S.C.A. All facts appearing in the libel, therefore, are assumed to be true. The Blue Mountain, D.C., 20 F.Supp. 165; The Vulcania, D.C., 32 F.Supp. 815.

Title 46 U.S.C.A. § 761 provides: "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State * * *, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States * * *."

The respondent does not deny that this statute applies to airplane accidents on the high seas. Wyman v. Pan American Airways, Inc., 181 Misc. 963, 43 N.Y.S.2d 420; Choy v. Pan American Airways, Inc., 1941 A.M.C. 483. The exception is based, rath-

er, on the ground that the statute requires that the wrongful act, neglect or default must have occurred on the high seas. Respondent contends that from the facts alleged in the libel it appears that, while the death occurred on the high seas, the wrongful act, neglect or default did not, and that the libel therefore does not state a cause of action within the jurisdiction of the court.

The disposition of the exception to the libel depends upon the proper interpretation of the statute quoted above. The question is not without difficulty.

■ It appears that the phrase "occurring on the high seas", as continued in § 761 of Title 46 U.S.C.A., is adjectival of "wrongful act, neglect, or default", rather than of "death". This interpretation is buttressed by decisions involving death statutes in which courts have held that an admiralty court has jurisdiction if the deceased has been injured on the high seas and has died on land. Vancouver S.S. Co. v. Rice, 288 U.S. 445, 448, 53 S.Ct. 420, 77 L.Ed. 885; The Chiswick, 5 Cir., 231 F. 452; The Samnanger, D.C., 298 F. 620, 624, quoting Keator v. Rock Plaster Mfg. Co., D. C., 256 F. 574, "In these cases it has been uniformly held that the locus of the tort is the place where the injury was actually inflicted." Benedict, Admiralty, 6th Ed., Vol. I, § 142, 9n.

■ The statute is taken to mean, therefore, that the wrongful act, neglect or default which caused the death must have occurred on the high seas if a right of action is to exist.

What is the import of "wrongful act, neglect, or default occurring on the high seas"? Unfortunately, the legislative history of the Act does not shed too much light upon the problem. In the course of debate in the House of Representatives at the time of the adoption of the Act by the 66th Congress, Vol. 59 Congressional Record, Part 5, reported the following at page 4483:

"Mr. Moore of Virginia * * * The purpose of this bill, as I understand it, is to give exclusive jurisdiction to the admiralty courts where the accident occurs on the high seas.

"Mr. Volstead (then Chairman of the Committee on the Judiciary) That is it."

There is not, so far as I have been able to discover, any decision dealing with facts on all fours with those alleged in this libel. The closest approaches are to be found in the Pan American Airways cases cited above. In neither of them, both of which involved the deaths of passengers in airplanes crossing the Pacific, does it appear whether the death was the result of negligence over the sea or on land prior to the commencement of the flight. As contended by libellant the fact considered material appears to have been the place of the accident which caused the death. I do not regard these cases, however, as controlling.

■ The court concludes that when the statute speaks of "wrongful act, neglect, or default occurring on the high seas", it contemplates the *substance* of the occurrence which resulted in death and gave rise to a right to recover. The *substance* of the occurrence here was not merely the act or omission to act attributable to the respondent while the craft was on land. If the respondent failed to make a proper inspection of the craft, or failed to remedy a defect properly, or failed to notify the owner of defects discovered during inspection and repair, the effect of such failure was not spent until the plane fell to the sea. It appears from the allegations in the libel that the wrongful act was consummated wholly upon the water where the victim met his death. There is no "shore flavor" whatever to the substance of the occurrence, the consummation of the wrongful act as distinguished from its origin. Using the language of Mr. Justice Butler, delivering the opinion of the Supreme Court in the Vancouver case, supra, 288 U.S. 445, 448, 53 S.Ct. 420, the foundation of the right to recover is a wrongful act or omission taking effect on the high seas. This is a maritime tort, and upon it the libellant's claim rests.

In view of the foregoing, the exception to the libel is overruled.