**JAMES McWILLIAMS BLUE LINE, Inc., as charterer in possession of THE PETROLEUM NO. 7, Libelant,**

v.

**ESSO STANDARD OIL COMPANY, Respondent, and Conners-Standard Marine Corporation, Respondent-Impleaded.**

United States District Court, S. D. New York.

Nov. 12, 1954.

Macklin, Speer, Hanan & McKernan, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for respondent.

Purdy, Lamb & Catoggio, New York City, for respondent-impleaded.

DAWSON, District Judge.

Respondent, pursuant to Rule 27 of the Admiralty Rules, 28 U.S.C.A. excepts to the competency of the defenses of the Statute of Limitations and laches alleged in the answer of the respondent-impleaded.

This is a libel by the charterer of Barge Petroleum No. 7, to recover for damages suffered by the barge while under a time charter to the respondent, Esso. Respondent alleges that the damage was caused on October 30, 1950, through the negligence of the respondent-impleaded's tug Maple Leaf, which respondent had engaged to tow the barge.

The libel was filed on October 1, 1953. Respondent answered and filed its impleading petition on April 2, 1954.

Respondent-impleaded moved on May 18, 1954 to dismiss respondent's impleading petition on the ground that more than three years had elapsed from the date of the accident; that therefore the period of limitations under the statute of the State of New York relating to actions of this nature had run; that therefore the petition should be dismissed for laches. This motion was denied by Judge Goddard of this Court on May 27, 1954, 123 F.Supp. 824, on the ground that this was a claim for indemnity, and that for the purposes of the Statute of Limitations, under the law of New York, a claim for indemnity accrues only when the one seeking indemnity has been subjected to liability. This having occurred on October 1, 1953, the three-year period of limitations had not run. A motion to reargue was denied by Judge Goddard on July 1, 1954.

Third party respondent filed its answer on July 29, 1954 and it alleged in paragraphs 8 and 9 as a separate defense that by reason of the fact that more than three years had elapsed from the date of the events alleged in the libel before respondent-impleaded had been brought into the action, the action was barred as to it by virtue of Section 49 of the Civil Practice Act of the State of New York, and by laches.

Respondent contends that the decision of Judge Goddard has become the law of the case with respect to the issue of laches, and that to sustain respondent-impleaded's answer as filed is in effect to overrule the decision of Judge Goddard.

A petition under Admiralty Rule 56 is not limited to indemnification. It may assert a primary tort liability

to a charterer. The Blue Mountain, D. C.Conn.1937, 20 F.Supp. 165. If upon the trial of this action the right of respondent to indemnification from respondent-impleaded is not sustained, and the issue is purely one of tort liability, the three-year Statute of Limitations provided by Section 49 of the New York Civil Practice Act may well be involved. Dwyer Lighterage, Inc. v. Christie Scow Corp., D.C.E.D.N.Y.1951, 96 F.Supp. 900, 902.

Respondent-impleaded is therefore entitled to assert the defense of laches, not as to the question of indemnification, but with respect to a primary tort liability. In any event, no harm can befall the respondent by letting the defense stand in the answer until the full facts are developed on the trial.

Exceptions overruled. So ordered.