John R. McMANUS

v.

**LYKES BROTHERS STEAMSHIP COMPANY, Inc.**

No. 7455.

United States District Court
E. D. Louisiana,
New Orleans.

Oct. 11, 1967.

George W. Reese, Reese & Abadie, New Orleans, La., for libellant.

Andrew T. Martinez, Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for respondent.

Christopher Tompkins, Ralph E. Smith, Deutsch, Kerrigan & Stiles, New Orleans, La., for respondent-impleaded.

HEEBE, District Judge.

This cause came on for hearing today on the motion of the third-party defendant, Atlantic & Gulf Stevedores, Inc., to dismiss. For the reasons assigned, the motion is granted.

### REASONS

The original plaintiff in this action, John R. McManus, filed this suit on July 14, 1965. It appears, from a copy of the coroner's record of Jefferson Parish, submitted by Atlantic & Golf Stevedores and filed in the record, that McManus died on August 24, 1966. It also appears that there has been no motion by any parties whatsoever for substitution in the place of the original plaintiff in this case. It was admitted by counsel for the original plaintiff, who represents the wife of the deceased for purposes of this motion, that if this action were one before a court of the State of Louisiana, the motion to dismiss would have to be granted for the reason that Article 2315 of the Civil Code of Louisiana which grants a right of survival and of wrongful death to the wife of a deceased claimant, is only available during a strict one-year peremptive period, regardless of whether or not suit was filed originally by the injured party. See McConnell v. Webb, 226 La. 385, 76 So.2d 405 (1954); Bounds v. T. L. James & Co., 124 F. Supp. 563 (W.D.La.1954). Counsel asserts, however, that since this action is

one brought in admiralty and in the federal system, the strict rule of Louisiana law which prohibits substitution of parties after the passage of one year from the date of the death of the original plaintiff, should not be applied.

In Kenney v. Trinidad Corp., 349 F.2d 832 (5th Cir. 1965), the court dismissed an action by representatives of a deceased instituted more than one year after his death, on the grounds of the one-year peremptive period of Article 2315. *Kenney* did not deal, however, with the precise issue presented here, where a suit has been instituted by the deceased and his representatives seek, not to institute suit, but only to substitute themselves in the already commenced proceeding. Although, as indicated above, the law of Louisiana would prohibit even substitution in such a case, counsel argues that the law of Louisiana to that extent need not be recognized by a federal district court sitting in admiralty.

█ Rule 25(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that:

"If a party dies and the claim is not thereby extinguished the court may order substitution of the proper parties."

Rule 25 sets up only the procedural method by which the original action may proceed *if* the right of action does in fact survive in favor of the party sought to be substituted; this is clear from the wording of the rule, which allows substitution on the death of a party only if "the claim is not thereby extinguished." Thus, it is only when the party moving for substitution already has the right to institute his or her action under substantive rules of law that he is allowed to be substituted under Rule 25. See Barron & Holtzoff (Wright Edition) § 621, p. 416, n. 9.

█ Thus, whether an action can survive to a representative of a deceased party plaintiff is not governed by federal rules of procedure at all. Whether "the claim is not thereby extinguished" is strictly a matter of substantive law.

█ The original plaintiff sued as a longshoreman on grounds of unseaworthiness of the defendant's vessel; it is admitted that the Jones Act and the Death on the High Seas Act are not applicable to the case. Since the general maritime law itself contains no provision for survival or wrongful death actions, it is only through the adoption of a state death act, in this case Article 2315 of the Louisiana Civil Code, that any right of action for survival or wrongful death may accrue to any representative of the deceased, Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, and any substitution at all thus be permitted. It is clear that state death acts may be adopted by the federal courts sitting in admiralty and applied within the schema of the general maritime law; such acts do not "interfere with the uniform and harmonious operation" of the general maritime law. See Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); Gilmore & Black, The Law of Admiralty, p. 43. Where such state death acts are adopted within the framework of the law of admiralty, they must be accepted on their face and with whatever limitations are inherent in the right as granted by the state act. Levinson v. Deupree, 345 U.S. 648, 651, 73 S.Ct. 914, 97 L.Ed. 1319 (1953). A time limitation attached to the right of action created by the state is binding in the federal forum. Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Levinson v. Deupree, supra, at 651.

Counsel for the party wishing to substitute cites the *Levinson* case as allowing this federal district court to refuse to accept the pronouncements of the Louisiana courts denying the right of action under Article 2315 when brought more than one year after the death of the original claimant, where the original claimant had in fact already instituted an action on his claim before his death. Counsel contends that in such a case substitution of representatives of the deceased plaintiff is a mere matter of procedure involving a simple amendment of the original com-

plaint deleting the name of the original complainant and inserting in the place thereof the names of the representatives. Counsel points to *Levinson's* general holding that a federal forum "accepting and enforcing the limited scope given to the [state death act] by the local law which created it, [need not] also be bound by the dubious and perhaps conflicting intimations on *elegantia juris* to be found in local decisions," and that "a federal court [is not] imprisoned [merely because it adopts a state death act] by procedural niceties relating to amendments of pleadings." 345 U.S. at 651, 652, 73 S.Ct. at 916.

This Court views the substitution of parties in the case of the death of the original party plaintiff, not as a "procedural nicety relating to an amendment of pleading," and in fact not an amendment of pleading at all. As stated above, substitution under Rule 25(a) (1) is a procedural convenience granted to those who in fact have a claim under substantive law to bring their own suits in the federal courts, whereby such parties are excused from instituting a new and separate suit and may instead take advantage of the convenience of simply having themselves substituted in a suit already instituted. Thus, substitution is not a simple amendment to a pleading but in fact is equivalent in substance to the bringing of a separate lawsuit; a party seeking substitution must at least have the right to bring a separate action apart from seeking the substitution. Thus, the law of Louisiana which prohibits substitution by representatives of deceased claimants when substitution is sought more than a year after the death of the claimant must be viewed not as the interpretation of a procedural requirement of amendment of pleadings, but as part and parcel of the very right of action granted under Article 2315. This Court, if it adopts the right of action under Article 2315 and incorporates it, for purposes of this suit, within the general admiralty law, must do so within the limitations of that Article as construed by the Louisiana courts. We must

enforce Article 2315 as we find it. See 345 U.S. at 652, 73 S.Ct. at 914.

The original complainant in this suit having been deceased for more than one year, no motion for substitution, if one were made, could be granted. There is no reason to maintain this vacant proceeding on the docket of this Court; and we find the motion to dismiss well taken.