**Mary Gene MARSH, Administratrix of the Estate of William Lloyd Marsh, Jr., dec., Plaintiff,**

v.

**BUCKEYE STEAMSHIP COMPANY, National Steel Corporation, Bibby Line, Limited, Defendants.**

No. C 68–314.

United States District Court,
N. D. Ohio, E. D.

Aug. 19, 1971.

Lawrence S. Levy, Cleveland, Ohio, for plaintiff.

Roman T. Keenan, Cleveland, Ohio, for Buckeye Steamship.

Henry Bruner, Cleveland, Ohio, for Natl. Steel Corp.

C. Peter Theut, Detroit, Mich., for Bibby Line.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This action was commenced initially by William L. Marsh, Jr., a former seaman on the steamer James E. Ferris, to recover damages for personal injuries allegedly sustained on October 21, 1967, when the Ferris was in collision with the steamer Ernest T. Weir in the St. Clair River in Canadian waters. Defendants named in Marsh's complaint were his employer, Buckeye Steamship Company, an Ohio corporation, owner and operator of the steamer Ferris; National Steel Corporation, an Ohio corporation, owner and operator of the steamer Ernest T. Weir; and Bibby Line, Ltd., an English corporation, owner of the foreign flag vessel M/V Toronto City. Jurisdiction in Marsh's claim against Buckeye Steamship Company is predicated upon the general maritime law and the Jones Act, 46 U.S.C. § 688. Jurisidiction in Marsh's claim against National Steel Corporation and Bibby Line, Ltd. is based solely upon the general maritime law. In his complaint Marsh alleged severe personal injuries

and mental anguish arising from and attributable to such injuries. On December 21, 1970, Marsh died through a means in no way related to the claimed injuries. In due course and with leave of the Court, Mary Gene Marsh, Administratrix of the decedent's estate was substituted as plaintiff and she filed an amended complaint. Defendants National Steel Corporation and Bibby Line, Ltd., have filed separate motions on the pleadings or in the alternative to dismiss the amended complaint because it fails to state a claim upon which relief can be granted against either of the moving defendants.

■■ The defendants claim that the amended complaint does not state a claim upon which relief can be granted because a claim for personal injuries does not survive the death of the claimant. At common law all causes of action terminated at death. In American Steamboat Co. v. Chase, 16 Wall. 529, 21 L.Ed. 369 (1872), Mr. Justice Clifford carefully examined the state of the law in this area. He found that although the general rule was that causes of action terminated at death, it had been argued that state statutes might allow for the survival of such actions and that the issue was still open, and he did not attempt to resolve it. See Cutting v. Seabury, 1 Sprague, 522. Although the question has not been conclusively answered by the Supreme Court, the approach the Court favors has been made reasonably clear; and, therefore, we may rule on this question with some authority.

In Romero v. International Terminal Operating Co., 358 U.S. 354, 373, 79 S. Ct. 468, 480, 3 L.Ed.2d 368 (1959), Mr. Justice Frankfurter, speaking for the Court, said that the admiralty law is another example of the interstitial character of federal law. While the corpus of admiralty law is federal in that "it derives from the implications of Article III evolved by the courts, to claim that all enforced rights pertaining to matters maritime are rooted in federal law is a destructive oversimplification of the highly intricate interplay of the States and the National Government in their regulation of national commerce." While the state law must yield to the uniformities of the federal law, the States still operate within a wide scope. Besides state-created liens which are enforceable in admiralty, see Vancouver SS Company, Ltd. v. Rice, 288 U.S. 445, 53 S.Ct. 420, 77 L.Ed. 885 (1932): "* * * state statutes providing for the survival of actions * * * have been upheld when applied to maritime causes of action," even though they are historically absent from the relief offered by admiralty. The Hamilton, 207 U.S. 398, 28 S.Ct. 133, 52 S.Ct. 264 (1907); Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921); Compare Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S. Ct. 1772, 26 L.Ed.2d 339 (1970) and The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886). Since American Steamboat Co. v. Chase, *supra*, the Supreme Court has borrowed state statutes in order to "fill out" the admiralty law on numerous occasions.

In American Steamboat Co., *supra*, the Rhode Island wrongful death statute was applied where the decedent was killed on navigable waters within Rhode Island. In Sherlock v. Alling, 93 U.S. 99, 23 L.Ed. 819 (1876), a state case as was *American Steamboat*, the Indiana death statute was applied in a suit arising out of a collision between steamboats on the Ohio River in Indiana waters. The Hamilton, 207 U.S. 398, 28 S. Ct. 133, 52 L.Ed. 264 (1907) involved death claims resulting from a high seas collision between two vessels belonging to Delaware corporations. The Supreme Court, per Holmes, J., affirmed the granting of relief on the claims in the District Court, holding applicable a Delaware statute which provided that actions for injuries to persons shall not abate by reason of the plaintiff's death. See La Bourgogne, 210 U.S. 95, 28 S.Ct. 664, 52 L.Ed. 973 (1908) (application of wrongful death statute of France); Great Lakes Dredge & Dock Co. v. Ki-

erejewski, 261 U.S. 479, 43 S.Ct. 418, 67 L.Ed. 756 (1923) (application of wrongful death statute of the State of New York). In Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941), the Supreme Court dealt with the question of the continuation of an action after the death of the defendant-tortfeasor. The Court applied the state survival statute of Florida to the admiralty action in that case. The respondent there, as the defendant in the case at bar, argued that the source of the principle that causes of action for personal injury die with the person derives not from the common law, which is subject to legislative enactment, but from the civil law and, therefore, should be regarded as an integral part of the maritime law which can only be changed by Congress which has yet to act. The Court disposed of this argument by stating that:

"* * * [I]t is not a principle of our maritime law that a court of admiralty must invariably refuse to recognize and enforce a liability which the State has established in dealing with a maritime subject. * * *" 312 U.S. at 387, 61 S.Ct. at 691.

The Court continued that it broadly recognized the authority of the states to create rights and liabilities with respect to conduct within their borders and that this was by no means limited to wrongful death cases. The Court, therefore, found no reason why "the Florida rule in providing for survival of a cause of action against a deceased tortfeasor for injuries occurring on navigable waters within the limits of the State should not be applied." 312 U.S. at 391, 61 S.Ct. at 693.

The question of whether an action can survive to a representative of a deceased party plaintiff is strictly a matter of state substantive law. See McManus v. Lykes Bros. Steamship Co., 275 F.Supp. 361 (D.C.E.D.La.1967). Since the general maritime law itself contains no survival provision, it is only through the adoption of a state survival act by this Court that the right of survival of the action may accrue to the representative of the deceased. Moragne, supra, held that the general maritime law does contain a provision for wrongful death, but was silent as to the survival of personal injury actions after the death of the plaintiff. However, the thrust of Moragne is that the law of admiralty should be expanded so that seamen are given a federal right to recover from their employers for negligence regardless of the location of their injury or death.

The defendants have argued that the Moragne decision has specifically rejected the view that the maritime law would permit reference to a local statute to allow survival of a deceased seaman's personal injury cause of action. This is simply not the case. While the right of survival has not been expressly included into the general maritime law, the right to recover damages in a wrongful death action has. Additionally, there is nothing that the defendants point out to us or that the Supreme Court says either impliedly or expressly to indicate that the survival rules may not be determined in accordance with applicable state rules or even that it might not be included in a court fashioned general maritime rule. This Court, therefore, shall apply the law of the appropriate jurisdiction, whether that be the law of Michigan or the law of the Province of Ontario. Both these jurisdictions have ceased to retain the strict common law rule against the survival of personal injury actions.[1] Therefore, this Court need not examine whether Chief Justice Hughes's "slender basis" for the general admiralty rule against the survival of actions has been set aside by Moragne. See 312 U.S. at 387, 61 S.Ct. 687, 85 L.Ed. 903, footnote 4; See also Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955). However, it should be

---

1. The Court notes that the plaintiff has complied with Rule 44.1, Federal Rules of Civil Procedure, 28 U.S.C., in that she has provided the defendants and the Court with reasonable written notice that she intends to raise an issue concerning the law of a foreign country.

noted that it is only a small leap from the decision in *Moragne* to an acceptance of the survival of personal injury actions as an integral part of the general maritime law.

The facts surrounding the collision are unclear. The plaintiff alleges that the situs was in Canadian waters, but it also alleges that the M/V Toronto City, owned by Bibby Line, Ltd., forced the Ferris from American waters to Canadian waters. The applicable statutes are either that of Ontario (Trustees Act, Revised Statutes of Ontario, 1960, Chapter 408, Section 38(i)) or that of Michigan (Mich.Stats. § 2921 (R.J.A.), M.C.L.A. § 600.2921). Both authorize the survival of personal injury actions beyond death. This Court shall not attempt, at this juncture, to determine which law applies. The motion to dismiss for failure to state a claim is denied.

It is so ordered.