Charles ROBERSON,
Plaintiff-Appellant,

v.

N. V. STOOMVAART MAATSCHAP-PIJ, Defendant-Third Party
Plaintiff-Appellee,

v.

STRACHAN SHIPPING COMPANY,
Third Party Defendant-Appellee,

American Mutual Liability Insurance
Company, Intervenor.

No. 74–1582.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1975.

Rehearing Denied March 21, 1975.

Darryl J. Tschirn, Gothard J. Reck, New Orleans, La., for plaintiff-appellant.

William A. Ransom, III, New Orleans, La., for N. V. Stoomvaart.

Stuart A. McClendon, Richard L. Greenland, Metairie, La., for Strachan & Am. Mut. Liability.

Before GEWIN and SIMPSON, Circuit Judges, and NICHOLS,* Associate Judge.

NICHOLS, Associate Judge:

This appeal presents the question whether a suit in admiralty, brought in a United States District Court on behalf of a longshoreman injured on board a vessel unloading at New Orleans, must be dismissed on motion under Louisiana Civil Code, Art. 2315, because counsel failed to move to substitute a living person within one year of the original plaintiff's death. Our answer is in the negative and, accordingly, we reverse.

The injury occurred May 5, 1970. Plaintiff slipped and strained his back, allegedly because of spillage from cargo, making the cargo hold where he worked "unseaworthy." On March 26, 1971, he sued. On March 15, 1972, he died. Plaintiff originally had sued Strachan Shipping Co., a stevedoring firm and his employer, but later he joined the shipowner also. A pre-trial order of March 2, 1973, states plaintiff would move to substitute a survivor for the deceased, but this has not been done. Strachan on October 9, 1973, moved to dismiss the suit, with prejudice, because of failure to make a proper substitution of parties within one year of death. Allowance of this motion terminated the preparations for trial and precipitated this appeal.

Strachan and the District Judge relied almost wholly on McManus v. Lykes Brothers Steamship Co., 275 F.Supp. 361 (E.D.La.1967). The facts in that case were virtually identical to those at bar. We may turn to this published opinion as a fuller statement of the reasoning of the District Judge herein, reasoning he has adopted as his own.

This reasoning is founded on The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), and the Article of the Louisiana Civil Code, 2315, above mentioned. According to the former, as construed in McManus, it is only through the adoption of a state death act, in this case Art. 2315, that the failure of the maritime law to provide for "survival or wrongful death actions" is supplied, in cases outside Federal statutes such as the Jones Act (46 U.S.C. § 688), and the Death on the High Seas Act (46 U.S.C. §§ 761–768). This phraseology covers both actions for pain and suffering of the deceased while alive, and actions for injury to survivors by wrongful death strictly so-called. See *infra*. Turning therefore to state death acts, as the court must, "they must be accepted on their face and with whatever limitations are inherent in the right as granted by the state act." *McManus, supra*, 275 F.Supp. at 363. Here, the state act, Art. 2315, required as a matter of substance, not mere procedure, that the substitution of the survivor in all cases must be effected within one year of death.

But this thinking was founded not on rock but on sand. Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), overrules The Harrisburg, *supra*, and all its progeny. Federal maritime law, even if judge made, now can operate to award damages for wrongful death or survivorship directly. No resort to state law is necessary and thus the restrictions the state had imposed on the survivors cease to be relevant. The structure of reasoning in *McManus* falls like a house of cards and the reasoning below falls with it.

This court has already treated claims for a decedent's pain and suffering, before death, as having the same *Moragne* standing as a claim for wrongful death strictly so-called. Dennis v. Central Gulf Steamship Corp., 453 F.2d 137 (5th Cir.), cert. denied, 409 U.S. 948, 93 S.Ct. 286, 34 L.Ed.2d 218 (1972). *Acc.*, Greene v.

---

* Of the U. S. Court of Claims, sitting by designation.

Vantage Steamship Corp., 466 F.2d 159 (4th Cir. 1972).

In *Moragne*, the Court by *dictum* speculates 398 U.S. at 406, 90 S.Ct. 1772, that where state statutes of limitations are now deprived of effect, and no Federal provision applies, the doctrine of laches may be the answer. The plaintiff has apparently not been outstandingly diligent here, and on remand, perhaps should justify the time expended with no move made to substitute a living plaintiff. Under F.R.C.P. 25(a), perhaps the failure to substitute can continue indefinitely until the adversary party files a formal suggestion of death. We need not decide that now.

 The Distict Judges' expertise in Louisiana law we assume, and since they say, as they do, that Art. 2315 is substantive, not procedural, it does not clash with Rule 25(a). What would happen in the event of such a clash is a moot question we need not consider, and many of the contentions of the parties can be passed over in silence accordingly. Art. 2315 is a rule of substantive law that a decedent's own cause of action, and the causes of others for his wrongful death, survive if and only if another is substituted within one year of death, in case of a suit originally brought by the decedent himself. Such a limitation, under *Moragne* and absent *Harrisburg*, cannot apply to bar recovery for a maritime tort merely because it was committed in Louisiana coastal waters. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409–410, 74 S.Ct. 202, 98 L.Ed. 143 (1953). The United States Constitution and laws made under it, are supreme within their scope. Art. VI. Admiralty and maritime jurisdiction were placed in the Federal courts by Art. III, Sec. 2 of the Constitution as implemented by the Judiciary Act of 1789 (Ch. 20, 1 Stat. 77, Sept. 24, 1789).

Counsel stated to the court below that the death of Roberson was not due to the shipboard accident, and the action was therefore one for personal injury and not wrongful death. The court below disregarded this because Art. 2315, by its terms barred all actions on account of wrong to a decedent unless proper timely substitution was made. Whether or not this was a proper application of the *Harrisburg* doctrine need not detain us long. If it was not, appellant is assuredly not worse off than if it was. If counsel's statement to the court below was right, the cause of action is technically a "survival" claim. Like one for wrongful death, it did not survive the death of the injured party at common law, and consistently with the *Harrisburg*, in case of a maritime tort, "survival" necessarily depended on state statutes to the same extent. *See*, Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573 fn. 2 at 575, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). If the *McManus* court correctly applied *Harrisburg* to a "survival" situation, in logic the *Moragne* overruling likewise applies.

Accordingly, the decision below is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.